UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA JANE GRIDER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | Case No. 1:22-cv-00781-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 15). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 10).

Plaintiff argues a single issue: "The ALJ failed to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations, and failed to offer legitimate reasons for rejecting Plaintiff's subjective complaints." (ECF No. 15, p. 11) (capitalization altered).

Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court finds as follows:

## I. ANALYSIS

Plaintiff argues that the ALJ failed to give legitimate reasons to reject her subjective complaints and failed to include all work-related limitations in the RFC.

As to a plaintiff's subjective complaints, the Ninth Circuit has concluded as follows:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

*Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996).

However, "[t]he standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). An ALJ's reasoning as to subjective testimony "must be supported by substantial evidence in the record as a whole." *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995); *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Accordingly, our next task is to determine whether the ALJ's adverse credibility finding of Carmickle's testimony is supported by substantial evidence under the clear-and-convincing standard."). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted).

As the ALJ's RFC assessment is ultimately at issue here, the Court notes that a claimant's RFC is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of

the physical-mental requirements of jobs"). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citations omitted). In reviewing findings of fact with respect to RFC assessments, this Court determines whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g).

Here, the ALJ formulated the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except [she] could only occasionally climb ladders, ropes or scaffolds; could only occasionally climb stairs or ramps; could occasionally stoop, kneel, crouch and crawl; limited to the performance of simple, routine and repetitive tasks; limited to work in a low stress environment defined as requiring only occasional decision-making and only occasional changes in work setting; and limited to only occasional interaction with the public and with co-workers.

(A.R. 27).[1]

Beginning with Plaintiff's subjective complaints, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 31-32). Accordingly, because there is no affirmative evidence showing that Plaintiff was malingering, the Court looks to the ALJ's decision for clear and convincing reasons, supported by substantial evidence, for not giving full weight to Plaintiff's symptom testimony.

Here, the ALJ provided the following recitation of Plaintiff's subjective complaints:

> Further, the claimant has daily mood and anxiety symptoms (Hearing Testimony). While she takes psychotropic medications, her providers are "still playing with the cocktail" (Hearing Testimony). Panic attacks continues, which she discusses with her therapist (Hearing Testimony). She noted that not being able to see her therapist in person (due to the pandemic) has been really hard (Hearing Testimony). Moreover, she described her panic attacks as "just awful, just horrible" (Hearing Testimony). Additionally, she experiences auditory hallucinations almost every night (Hearing Testimony). However, she was unable to identify a trigger (Hearing Testimony). She described the voices as 'constant whispering" (Hearing Testimony)

---

[1] Only Plaintiff's mental limitations are at issue here; accordingly, the Court will not discuss the evidence relating to Plaintiff's physical limitations.

(A.R. 28).

Following this recitation, the ALJ discussed the relevant evidence regarding Plaintiff's mental impairments, generally noting that, while Plaintiff experienced symptoms to varying degrees, the severity of her complaints could not be fully credited due to evidence indicating that Plaintiff's symptoms were mild or moderate, she had experienced improvement, she generally had normal findings on exam, she faced situational stressors that appeared responsible for some of her symptoms, and she was not always compliant with her recommended treatment. (A.R. 28-30). After this discussion, the ALJ concluded as follows:

> Overall, the claimant has mood (bipolar and major depressive), anxiety, panic and post-traumatic stress disorders. Yet, while symptoms wax and wane, she has admitted some good response to medication and therapy. Moreover, she has not required psychiatric hospitalization. Further, while she has often presented as depressed and anxious, she has also largely presented as friendly and cooperative. Moreover, while memory has varied, attention has largely remained intact. She also admitted performance of some activities of daily living. Additionally, treatment notes reflect situational stressors, especially parenting concerns and worry about her young daughter.
>
> Ultimately, the claimant appears mentally capable of performing simple, routine and repetitive tasks; working in a low-stress environment defined as requiring only occasional decision-making and only occasional changes in work setting; and having occasional interactions with the public and with co-workers.

(A.R. 30).

As seen above and elsewhere in the record, the ALJ discounted Plaintiff's subjective complaints, in part, because there was a lack of supporting evidence. *(See, e.g.*, AR 30 – "Additionally, exams since the 2020 application date generally lacked observation of delusions or paranoia. Further, the claimant had not required psychiatric hospitalization or frequent intervention for anxiety attacks."). While the lack of supporting evidence cannot be the sole basis to discount testimony, it can be a factor, and was properly considered here. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Moreover, the Court notes that, while the ALJ ultimately declined to fully

credit Plaintiff's subjective complaints, the ALJ considered them in formulating the RFC, for example, by limiting Plaintiff to "a low-stress environment."

Additionally, the ALJ discounted Plaintiff's subjective complaints because the record was inconsistent with disability. For example, the ALJ noted that while examinations have been "mixed," Plaintiff's "bipolar disorder was described as only mild to moderate in severity (Ex. B2F/76)," her sessions sometimes reflected "family stressors (Ex. B2F/29-30, 34-35)" as the source of her problems," "after her application date, [Plaintiff] admitted improvements in anxiety attacks, depression and mood swings (Ex. B2F/19-21)," and "she admitted some medication non-compliance (Ex. B2F/38-40)." (A.R. 29). It was reasonable for the ALJ to reject Plaintiff's complaints as contradicted by the record evidence. *Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (noting that improvement is a factor that can be considered for purposes of whether a claimant is disabled).

Plaintiff challenges the ALJ's rationale for two main reasons. First, Plaintiff argues that "the ALJ does nothing beyond reciting the medical findings and failed to state which of the findings contradicted Plaintiff's allegations, contrary to law." (ECF No. 15, p. 13). The Court disagrees. Notably, as seen by the examples above, the ALJ cited specific evidence that the ALJ believed contradicted Plaintiff's complaints.

Second, Plaintiff accuses the ALJ of "improperly cherry picking evidence" and "maintains that the medical and other evidence are entirely consistent with her allegation that, at certain unpredictable times, she will be incapacitated by symptoms related to the multiple underlying mental health impairments." (ECF No. 15, p. 13). Again, the Court disagrees. Here, the pertinent question is not whether an alternative reading of the record would support disability; rather, it is "whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499. Upon review of the record and the ALJ's opinion, the Court finds no error. In short, while Plaintiff certainly experienced varying degrees of symptoms, it was reasonable for the ALJ to conclude that Plaintiff's lack of severe symptoms, the normal findings, and medical improvement warranted a finding that Plaintiff was not disabled.

In short, the Court concludes that the ALJ provided legitimate reasons to reject Plaintiff's subjective complaints and thus did not fail to include work-related limitations in the RFC

## II. CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is affirmed. The Clerk of Court is directed to enter judgment in favor of the Commissioner of Social Security and to close this case.

IT IS SO ORDERED.

Dated:  **July 13, 2023**               /s/ Erica P. Grosjean
                                                                            UNITED STATES MAGISTRATE JUDGE